UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID VEGA, | : |
| Plaintiff, | : CIVIL ACTION NO. 3:12-CV-1767 |
| v. | : (JUDGE RICHARD P. CONABOY) |
| | : (Magistrate Judge Blewitt) |
| SCOTT DUNLAP, et al., | : |
| Defendants. | : |

FILED
SCRANTON
DEC 18 2012

**ORDER**

**AND NOW, THIS** _18_ **DAY OF DECEMBER 2012, IT APPEARING TO THE COURT THAT:**

  1. Plaintiff, a former inmate in Monroe County, Pennsylvania, and Rikers Island, New York, filed this action pursuant to 42 U.S.C. § 1983 on August 8, 2012 (Doc. 1);

  2. The matter was assigned to United States Magistrate Judge Thomas M. Blewitt who issued a Report and Recommendation (Doc. 8) on November 26, 2012, recommending upon initial screening required by 28 U.S.C. § 1915(e)(2)(B) that the instant action be dismissed with prejudice and the case be closed (*id.* at 19-20);

  3. No objections were filed to the Magistrate Judge's Report and Recommendation and the time for doing so has passed.

**IT FURTHER APPEARING TO THE COURT THAT:**

  1. When a magistrate judge makes a finding or ruling on a motion or issue, his determination should become that of the court unless objections are filed. *See Thomas v. Arn*, 474 U.S. 150-53

(1985). Moreover, when no objections are filed, the district court is required only to review the record for "clear error" prior to accepting a magistrate judge's recommendation. *See Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).

2. We find no clear error in the Magistrate Judge's conclusion that Plaintiff has failed to state claims for false arrest or procedural due process based on his initial arrest in Monroe County and subsequent arrest for parole violations. Regarding Plaintiff's procedural due process claim based on his arrest for parole violation, we note that an individual facing parole revocation is entitled to certain procedural due process procedures pursuant to *Morrissey v. Brewer*, 408 U.S. 471 (1972). Here, even if Plaintiff were to have named a proper defendant, he makes no allegation that he did not receive the type of informal hearing required by *Morrissey*. *See* 408 U.S. at 484-490.

3. Based on the reasons for recommending dismissal, the sparse allegations in Plaintiff's Complaint (Doc. 1), and Plaintiff's failure to file objections to the Report and Recommendation, we conclude that Plaintiff's false arrest claims and procedural due process claim based on his August 2010 arrest are appropriately dismissed with prejudice. In an abundance of caution, we dismiss his procedural due process claim related to his parole revocation without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Magistrate Judge's Report and Recommendation (Doc. 8) is **ADOPTED** as modified;
2. Plaintiff's 42 U.S.C. § 1983 action (Doc. 1) is **DISMISSED**;
3. Plaintiff's false arrest claims and procedural due process claim based on his August 2010 arrest are dismissed with prejudice;
4. Plaintiff's procedural due process claim related to his parole revocation is dismissed without prejudice;
5. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **GRANTED** for this filing only
6. Any appeal from this Order will be deemed frivolous;
7. The Clerk of Court is directed to close this case.

RICHARD P. CONABOY
United States District Judge